**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Oct 30 2013, 5:50 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ERNEST P. GALOS**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

KENDRICK ATKINS,            )
                           )
    Appellant-Defendant,   )
                           )
        vs.             )    No. 71A04-1303-CR-135
                           )
STATE OF INDIANA,          )
                           )
    Appellee-Plaintiff.    )

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jane Woodward Miller, Judge
Cause No. 71D01-1110-FA-21

**October 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Kendrick Atkins appeals his conviction and sentence for Class B felony attempted robbery. We affirm.

## ISSUES

Atkins presents two issues: (1) whether the evidence is sufficient to sustain his conviction, and (2) whether his advisory sentence of ten years is inappropriate.

## FACTS AND PROCEDURAL HISTORY

On August 10, 2011, Atkins and Brent Rushton arranged to meet at Twin Branch Park in Mishawaka so Atkins could buy marijuana from Rushton. As Rushton was on his way, he called Atkins and said he had driven past Twin Branch Park, so they agreed to meet at a nearby McDonald's instead. Rushton parked at McDonald's and waited. It was around lunchtime, and the restaurant was packed.

Atkins arrived with his friends Andrew Landis and Gabriel Deal in a Chevy Tahoe. After they pulled into a parking spot, Atkins stepped out of the Tahoe and got into Rushton's front passenger seat. Atkins had a set of scales and some baggies with him. He also had a fully loaded revolver with the hammer cocked back in the pocket of his gym shorts.

Rushton had a leather bag between him and the driver's side door that contained multiple baggies of marijuana, his identification, and some keys. He pulled out some baggies and showed Atkins several varieties. Atkins examined the marijuana and told Rushton he did not think it was that good. When Rushton went to put the marijuana back in the bag, Atkins pulled out his revolver, said, "[Y]ou know what? Fuck you," and shot

2

him. Tr. p. 40. The bullet went through the left side of Rushton's chest, across his heart, and exited near his left armpit area.

Atkins climbed over Rushton and reached for the leather bag. Rushton struggled to keep Atkins off of him. He then opened his door, and Atkins "fell out of the car . . . with the bag in tow." *Id.* Atkins regained his footing and struggled with Rushton over the bag. Someone asked what was going on, and Rushton indicated that Atkins shot him and was robbing him. Rushton lost his grip on the bag, and Atkins took off running.

A number of bystanders tackled Atkins and retrieved the bag. Atkins freed himself, jumped into the Tahoe, and was driven away. Someone returned the bag to Rushton, but not before dumping some of the marijuana out.

As Rushton drove away, he noticed Atkins had abandoned his gun, shoes, hat, scales, and baggies in the vehicle. Rushton stopped to hide the gun and his bag in some bushes and then drove himself to the hospital. When he was released from the hospital later that day, he retrieved the bag and moved the gun to a different location. Rushton initially held back some details from the police, but he later told them the whole story and directed them to the gun.

The State charged Atkins with Class A felony attempted murder and Class B felony attempted robbery. A jury found him not guilty of attempted murder but guilty of attempted robbery. The trial court later sentenced him to the advisory term of ten years. Atkins now appeals.

## DISCUSSION AND DECISION

## I. SUFFICIENCY OF THE EVIDENCE

Atkins first contends the evidence is insufficient to sustain his conviction. In reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor assess the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). Rather, we look to the evidence and reasonable inferences drawn therefrom that support the verdict. *Id.* We affirm if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

To convict Atkins of attempted robbery as charged here, the State had to prove beyond a reasonable doubt that he, "acting with the intent to commit the crime of robbery with a deadly weapon, which is intentionally taking property from the presence of another person by using or threatening force while armed with a deadly weapon, pointed a gun at Brent Rushton and grabbed a bag, which was a substantial step towards the commission of the crime of robbery." Appellant's App. pp. 138-39; *see* Ind. Code §§ 35-42-5-1 (1984), 35-41-5-1(a) (1977).

The evidence most favorable to the verdict shows that Rushton offered some marijuana for Atkins's inspection, but Atkins indicated it was not of acceptable quality. As Rushton began to put the marijuana back into his bag, Atkins pulled out a cocked revolver, cursed at him, and shot him. Atkins then lunged for the bag, and they struggled until Rushton opened the door and Atkins fell out of the car with the bag. The two struggled over the bag until Rushton lost his grip and Atkins fled. Bystanders tackled Atkins and returned the bag to Rushton.

4

While Rushton's trial testimony was alone sufficient to sustain the conviction, it was further bolstered by the testimony of Atkins's companions Landis and Deal. Landis testified that he saw Atkins and Rushton wrestling outside the driver's side door, Atkins running toward the Tahoe, and bystanders tackling him. Landis saw a bag with a baggie sticking out of it on the ground where the bystanders had taken Atkins down. Deal saw bystanders jumping Atkins. He testified that Atkins "might have had a bag, but the people took it." Tr. p. 94.

Despite this clear evidence, Atkins points to his own testimony that he intended to trade the revolver for marijuana, but the gun accidentally discharged.[1] According to him, he merely reached over to see if Rushton was okay but fell out of the vehicle when Rushton opened the door. He argues that the McDonald's at lunchtime was hardly the place to commit an armed robbery and that there was no reason for him to bring the scales and baggies if he intended to rob Rushton. He also challenges Rushton's credibility by claiming that it is unlikely the person who returned the bag to Rushton would first steal from it and also that it is unlikely Rushton would stop on the way to the hospital to hide the gun and marijuana after being shot in the chest.

Atkins's sufficiency claim is nothing more than a request to reweigh the evidence and to assess witness credibility. These functions are within the province of the jury, who heard the evidence and made its factual and credibility determinations accordingly. The evidence is thus sufficient to sustain his conviction.

---

[1] We note that the jury's not guilty verdict on the attempted murder charge does not necessarily reflect its acceptance of Atkins's claim that the gun accidentally discharged.

## II. INAPPROPRIATE SENTENCE

Atkins next contends his sentence is inappropriate. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007)). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.*

We first look to the statutory range established for the class of the offense. Atkins was convicted of a Class B felony. The statutory range for a Class B felony is between six and twenty years, with the advisory sentence being ten years. Ind. Code § 35-50-2-5 (2005). The trial court sentenced Atkins to the advisory term of ten years.

We next look to the nature of the offense and Atkins's character. As to his character, we note that Atkins was just twenty years old when he committed this offense. However, he had already accumulated true findings for criminal recklessness and possession of marijuana as a juvenile as well as a conviction for possession of marijuana as an adult. Atkins argues his prior history is dissimilar to the current offense because "[t]he possession of marijuana is not the same offense as attempted robbery involving marijuana." Appellant's Br. p. 16. Although possession and attempted robbery are

indeed different crimes, Atkins's current conviction shows an escalation of criminal activity due to his continual drug use. The presentence investigation report states that Atkins first smoked marijuana at age fifteen and that he smoked marijuana on a daily basis in the year leading up to the current offense. He also admitted using Xanax without a prescription.

As to the nature of the offense, Atkins went to the parking lot of a crowded restaurant with a fully loaded, cocked revolver for what was supposed to be an uneventful drug deal. Instead, he shot his drug dealer in the chest and tried to steal marijuana from him. The nature of the offense more than justifies the advisory sentence imposed.

Atkins has failed to persuade us that his ten-year sentence is inappropriate.

## CONCLUSION

We therefore affirm Atkins's conviction and sentence.

KIRSCH, J., and PYLE, J., concur.